# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **TERRY DAVIS, JR.** | **CIVIL ACTION NO. 6:14-cv-3166** |
| **LA. DOC #345635** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **CLERK OF COURT,** | |
| **ACADIA PARISH** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Terry Davis, Jr., proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 31, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Elayn Hunt Correctional Center.  Plaintiff apparently seeks the production of documents maintained by the Clerk of Court in Acadia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff's pleadings are difficult to decipher. Nevertheless, the exhibits filed in conjunction with his complaint establish that on November 13, 2007 he pled guilty to some unspecified offense and was sentenced to serve 10 years at hard labor. Although the sentencing court recommended participation in the DOC's Intensive Incarceration program, he was deemed ineligible because his conviction was a second conviction for crimes of violence. He was also deemed ineligible for parole or diminution of sentence.

His grievances were denied by the DOC and his motion to amend or modify sentence was also denied by the sentencing court.

In this complaint he seeks an order directing the Acadia Parish Clerk of Court and District Attorney to produce copies of Court records relative to his arrest, prosecution, and conviction. He also seeks appointment of counsel.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

2

### 2. Production of Documents

Plaintiff seeks an order of Court directing the Acadia Parish Clerk of Court and the District Attorney to produce various unspecified documents related to his arrest, prosecution and conviction. Louisiana law defines what are public records and details how individuals may obtain access to those records. See La. R.S.44:1 *et seq*. Further, Louisiana law provides that indigent inmates may obtain free copies of court-related records upon a showing of a particularized need for the documents. *See State of Louisiana ex rel. Bernard vs. Criminal Dist. Court Section J*, 635 So.2d 1174 (La. 1995).

It is unclear whether plaintiff has properly framed his request for public records or whether he is aggrieved by some order or judgment made by a Louisiana Court, however, in any event, he now asks this court to order production of unspecified documents in the custody of the Clerk of Court or District Attorney. A federal court may not interfere with a state court's application of state law.  *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]...").   Contrary to plaintiff's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982). He has alleged no Constitutional violations on the part of the defendant and therefore his complaint is subject to dismissal as frivolous.

### 3. Appointment of Counsel

Plaintiff has filed a motion seeking the appointment of counsel. [Doc. 10] Congress has

not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and  *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:  the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

4

Further, plaintiff is not excused from the requirement that he first seek representation on his own. The motion does not indicate if plaintiff has attempted to secure representation on his own. Accordingly, plaintiff's request for appointment of counsel should be denied at the present time as the allegations contained in the complaint and plaintiff's motion do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel.

### *Conclusion, Order, and Recommendation*

For the foregoing reasons,

**IT IS ORDERED THAT** Plaintiff's Motion to Appoint Counsel [Doc 10] is **DENIED**; and,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

5

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana February 4, 2015.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   2/5/2015
BY:            EFA
TO:           RFD
            cg

6